

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00336-CR

## EX PARTE CHRISTOPHER ROLAND FENNER,

### Original Proceeding

### From the 18th District Court
### Somervell County, Texas
### Trial Court No. 249-00724

## MEMORANDUM OPINION

Christopher Roland Fenner has previously presented a document which has caused the Court to file and docket it as a proceeding only to then dismiss it because the Court has no jurisdiction. *See Ex parte Fenner*, No. 10-20-00181-CR, 2020 Tex. App. LEXIS 5312 (Tex. App.—Waco July 14, 2020). This is another such proceeding.

On December 8, 2021, this Court received a document from Christopher Roland Fenner, entitled "Injunction," in connection with Fenner's ongoing efforts to have his criminal conviction set aside so that he can be released from custody and "go take care of my mother who was diagnose with cancer in January of 2021." [sic]. Unlike a document which the Court received on December 1, 2021, referencing a domestic relations matter in which Fenner is a party and his criminal case in which he was convicted of aggravated

sexual assault, this document references only the criminal proceeding.

After a review of this document, the Court has determined it to be an 11.07 felony post-conviction writ proceeding in which Fenner argues, among other things, the ineffective assistance of his 13 attorneys. Moreover, in this original proceeding, he also seeks monetary damages. Such a claim for damages is frivolous when first filed in an appellate court.[1] *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383, 393-394 (1994) ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."). Moreover, not only is it frivolous to request monetary damages in a writ proceeding, but this Court also has no jurisdiction over a felony post-conviction application for a writ of habeas corpus. *See* TEX. GOV'T CODE § 22.221; TEX. CODE CRIM. PROC. art. 11.05.

Therefore, this proceeding is dismissed for want of jurisdiction.


TOM GRAY
Chief Justice

---

[1] Fenner is warned that if a document like this is again filed, the Court may elect to take action to determine if he is a vexatious litigant, under the Texas Civil Practice and Remedies Code or under the Court's inherent authority, and whether the imposition of a prefiling order is appropriate. *See Ex parte Green*, 596 S.W.3d 498 (Tex. App.—Waco 2020) (orig. proceeding).

Before Chief Justice Gray,
       Justice Johnson, and
       Justice Smith
Dismissed for want of jurisdiction
Opinion delivered and filed December 22, 2021
Do not publish
[OT06]

